IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STEEL, PAPER and FORESTRY, RUBBER MANUFACTURING, ENERGY, ALLIED INDUSTRIAL and SERVICE WORKERS INTERNATIONAL UNION, and its LOCAL 13-857, a labor organization, | ) ) ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 07-CV-316-GKF-PJC |
| CONOCOPHILLIPS COMPANY, | ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This is an action by Plaintiff Union ("Union") seeking to compel arbitration of individual grievances raised pursuant to the Union's Collective Bargaining Agreement ("CBA") with Defendant ConocoPhillips Company ("Company"). The fundamental issue is whether the grievances must be arbitrated or whether they are excluded from arbitration by exercise of the Management Rights provision contained in Article 11 of the CBA.

Company served discovery requests on the Union in March 2008. Union objected to many of these requests as beyond the scope of discovery in this case. Union promised to produce certain documents but has failed to do so.[1] Company has now moved to compel. [Dkt. # 38]. A hearing was conducted August 28, 2008. For the reasons set forth below, the Motion is **GRANTED IN PART AND DENIED IN PART**.

---

[1] Counsel for Union did produce certain documents related to the grievances at issue herein at the Aug. 28 hearing on Company's Motion to Compel.

*Discussion*

This lawsuit was filed June 4, 2007. The Court entered its Standard Scheduling Order on April 7, 2008 [Dkt. # 31]. That Order clearly envisions that some discovery will occur in this matter. The Order sets a discovery deadline of August 29, 2008 as well as deadlines for annotated deposition transcripts to be submitted. Thus, this is not a case where the Court envisioned making its decision strictly as a matter of law. Nor did the parties envision such a course. For example, Plaintiff did not seek a stay on discovery pending resolution of the arbitration question. Thus, while the question(s) presented to the Court may well be decided largely as a matter of contract interpretation, some discovery is envisioned. Thus, the dictates of Fed. R. Civ. P. 26 apply here as to any other civil case.

It is well-established that discovery under the Federal Rules is limited only by relevance and burdensomeness. *Rich v. Martin Marietta Corp.*, 522 F.2d 333, 343 (10th Cir. 1975). Trial courts have broad discretion in managing discovery matters and are subject to review only for abuse of discretion. *In re Multi-Piece Rim Products Liability Litigation*, 653 F.2d 671, 679 (D.C.Cir. 1981).

Fed.R.Civ.P. 26(b)(1) provides that parties may obtain discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party…. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." At the discovery phase of litigation "relevancy" is broadly construed and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be

relevant to the claim or defense of any party.  *Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 649, 652 (D.Kan. 2004)(citation omitted).

When the requested discovery appears relevant, the party opposing discovery has the burden of establishing the lack of relevance by demonstrating that the requested discovery wither does not come within the scope of relevance set forth in Fed. R. Civ. P. 26(b)(1), or that it is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.  *Gen. Elec. Capital Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D.Kan. 2003) (citation omitted).

The instant case is one in a series of lawsuits involving arbitration issues between these parties.[2]  Generally, the cases are resolved through decision on a motion for summary judgment.  Here, the parties anticipate that Defendant will file a motion for summary judgment asking the Court to determine whether the grievances at issue must be arbitrated or whether they come under the exclusion defined in the Management Rights provision of the CBA.  This determination will be largely a question of contract interpretation.  *See*, *for example*, *McCauley v. Halliburton Energy Services, Inc.*, 161 Fed. Appx. 760, 763-64 (10th Cir. 2005).  *McCauley*, a case cited by Company, describes the process the Court will follow in determining whether a provision of the CBA applies to the grievance in question.  This process relied chiefly on the Court's interpretation of the contract language in question and whether the grievance "is on its face within the purview of the clause, or over a collateral issue that is somehow connected to the main agreement."  *Id.* at 764.

---

[2] For example, there have been four recent cases involving these parties:  06-CV-363-GKF (summary judgment motion pending); 06-CV-364-TCK (denying summary judgment motion seeking to vacate an arbitration award in favor of Union); 08-CV-155-GKF (consolidated with the above-styled case).

Such a process defines reasonable limits on discovery in a case such as this. Discovery should be confined to the issues necessary to present this dispute to the Court on summary judgment. Thus, two areas would be ripe for discovery: First, discovery as to the language of the CBA provision(s) that are at issue. Second, discovery as to the grievances in question and Union's reason for contending these grievances must be arbitrated.

Within this context, the Court **GRANTS** Company's Motion to Compel as follows:

Interrogatories 1-11. This discovery concerns specific issues regarding the underlying grievances and what articles of the CBA are involved. Plaintiff shall answer these interrogatories.

Requests for Production 1-11 and 14.

The motion is **DENIED** as to Interrogatories 12-18 and Requests for Production oknd 12-13. The interrogatories exceed the necessary scope of discovery at this time and also violated LCvR 33.1 as to the number of permissible interrogatories. The Requests for Production seek information beyond the necessary scope of discovery at this time.

Defendant's Motion for Sanctions is also denied.

IT IS SO ORDERED this 29th day of August 2008.

_____
Paul J. Cleary
United States Magistrate Judge

4